IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARREN O'NEAL WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-078 |
| | ) | |
| BOBBI JOCKEL, Investigator, THE | ) | |
| DIVISION OF FAMILY AND CHILDREN | ) | |
| SERVICES, MARK PHILLIPS, Public | ) | |
| Defender Investigator, and GENE | ) | |
| COLOHAN, Public Defender, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Burke County Jail in Waynesboro, Georgia, seeks relief pursuant to 42 U.S.C. § 1983 in the above-captioned case. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

In this case, the Court's review of Plaintiff's initial filing revealed that, despite the fact that he had submitted his initial filing as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, he appeared to be attempting to assert a civil rights claim pursuant to 42

U.S.C. § 1983. (Doc. no. 3.) Therefore, the Court required Plaintiff to submit an amended complaint if he desired to press forward with a claim under § 1983, and provided him with instructions for filing such a complaint. (Id.) Plaintiff has submitted an amended complaint (doc. no. 4), and it is this document that the Court will now screen.

## I. BACKGROUND

Plaintiff has named the following two Defendants in his amended complaint: (1) Bobbi Jockel, an investigator with the Waynesboro Police Department, and (2) The Division of Family and Children Services ("DFACS").[1] (Doc. no. 4, pp. 1, 4.)

Plaintiff alleges that on August 19, 2008, he went to the house where his daughter was being kept by her mother, Tyqual Crumbley, and observed certain members of Ms. Crumbley's family using illegal drugs in his daughter's presence. (Doc. no. 4, p. 5.) Plaintiff maintains that a scuffle ensued when he tried to remove his daughter from the premises, which ultimately resulted in his arrest on charges of disorderly conduct, simple battery, and aggravated battery. (Id. at 7.)

Furthermore, Plaintiff asserts that his family attempted to post bond on his behalf to secure his release, but that they were initially unable to do so because Defendant Jockel had placed an "investigative hold" on Plaintiff, which prevented him from being released. (Id.) According to Plaintiff, Defendant Jockel did not talk to him until several days later. (Id.) Plaintiff alleges that, when Defendant Jockel interrogated him, he stopped answering her questions at some point during the interview because he wanted his lawyer present, and that

---

[1] In his previous pleadings, Plaintiff named two other Defendants that are not named as Defendants in his amended complaint. The Court addresses Plaintiff's claims against those Defendants below. See infra Part II.A.

2

this led Defendant Jockel to order him to be sent back into detention for being uncooperative. (Id. at 7-8.) Plaintiff maintains he then had a bond hearing, following which Defendant Jockel still refused to lift the investigative hold, thereby preventing him from being released immediately after the bond hearing. (Id.) Plaintiff states that he was eventually allowed to post bond the same day of the bond hearing and was released. (Id.)

Plaintiff further alleges that following his release on bail, on August 23 or 24, 2008, he called Defendant DFACS to explain the situation confronting his daughter, and that the DFACS employee with whom he spoke said that he would personally investigate the matter. (Id. at 8.) Plaintiff avers that around 30 days later he spoke with a different employee at DFACS, who advised Plaintiff that any investigation conducted by DFACS was confidential and could not be discussed with Plaintiff. (Id. at 9.) Plaintiff states that he again explained his concerns relating to his daughter's well-being, at which point the DFACS employee allegedly asked for Plaintiff's contact information and told him that someone from DFACS would call him back. (Id.) Plaintiff alleges that DFACS never contacted him. (Id.)

At Plaintiff's arraignment on the criminal charges against him, he states that he requested a jury trial and that Gene Colohan[2] and her assistant Ms. Hogan were appointed to represent him. (Id.) Plaintiff alleges that he "begged" Ms. Colohan and Ms. Hogan to allow him to explain his daughter's situation to the judge, but that Ms. Colohan and Ms. Hogan denied his request and, instead of proceeding directly to a jury trial, attempted to secure a plea agreement. (Id.)

---

[2] As discussed below, Ms. Colohan was named as a Defendant in Plaintiff's original complaint. See infra Part II.A.

3

Plaintiff also alleges that Ms. Crumbley[3] and her friend, Liz Mims, took malicious actions against Jessica Tolbert, a woman with whom he was in a relationship at the time. (See id. at 10-11.) While this portion of Plaintiff's complaint is not readily decipherable, he appears to allege that Ms. Crumbley and Ms. Mims made false reports to DFACS regarding Ms. Tolbert's children and provided false information to Defendant Jockel, which somehow led to Ms. Tolbert nearly being evicted from her apartment. (Id.)

For relief, Plaintiff seeks monetary compensation for the pain and suffering allegedly suffered as a result of Defendants' actions. (Id. at 13.)

## II. DISCUSSION

### A. Defendants Not Named in Amended Complaint

In the Court's Order directing Plaintiff to file an amended complaint, he was warned that his amended complaint would supersede his previously filed pleadings. (Doc. no. 3, p. 3) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999), and King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)).) Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id. at 3-4.) Upon review of the amended complaint, the Court finds that Plaintiff no longer names the following Defendants as parties to the lawsuit: (1) Gene Colohan and (2) Mark Phillips.[4] Because Plaintiff fails to name these persons as Defendants in his amended

---

[3]As noted above, Ms. Crumbley is the mother of Plaintiff's daughter.

[4]In addition, the docket currently lists the Waynesboro Police Department as a Defendant in this case. However, a review of Plaintiff's original filing and amended complaint reveals that Plaintiff has never named the Waynesboro Police Department as a Defendant in this case. As is apparent from the section of Plaintiff's amended complaint entitled "Parties" (see doc. no. 4, p. 4), Plaintiff only references the Waynesboro Police

4

complaint, they should be dismissed from this lawsuit.[4]

### B. Failure to State a Claim Against Defendant DFACS

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendant DFACS.

Notably, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff has named an entity, not a particular person, as the alleged wrongdoer. However, Plaintiff fails to explain how DFACS – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of individuals.

Furthermore, Plaintiff's allegations of wrongdoing against DFACS are vague, at best, as he does not indicate how any actions taken by DFACS or its employees amounted to the

---

from the docket as a Defendant in this case.

[4]In addition to failing to name Mr. Phillips as a Defendant in the caption of his amended complaint, Plaintiff makes no mention of Mr. Phillips in the body of his amended complaint. While Plaintiff does describe actions taken by Ms. Colohan in the body of his amended complaint, the actions relate to her representation of Plaintiff as his appointed counsel. As such, the actions allegedly taken by Ms. Colohan would not provide a basis for relief under § 1983, as § 1983 only allows for relief against persons acting under color of state law, and "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")).

5

violation of any constitutional right. As vague and conclusory allegations are not sufficient to state a claim, see Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim), Plaintiff's allegations against DFACS fail to state a § 1983 claim.

In addition, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Defendant DFACS – a division within the Georgia Department of Human Services – qualifies as a state agency. See Rayburn v. Hogue, 241 F.3d 1341, 1343 n.3 (11th Cir. 2001) (noting that Georgia Department of Human Resources is a state agency). Accordingly, the Eleventh Amendment shields Defendant DFACS from liability on Plaintiff's claims against it. See Pugh, 438 U.S. at 782. For these reasons, Plaintiff has not stated any viable claims against Defendant DFACS.

### C. Failure to State a Claim Against Defendant Jockel

Plaintiff's allegations also fail to state a claim against Defendant Jockel. As noted above, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca, 995 F.2d at 1538 (internal quotation marks and citations omitted). Here, Plaintiff does not explain how Defendant Jockel's actions amount to a violation of Plaintiff's constitutional rights. Plaintiff's only allegation of wrongdoing by Defendant Jockel is that

she put an "investigative hold" in place that prevented him from being released on bail. However, Plaintiff does not have a constitutional right to bail. See Cambell v. Johnson, 586 F.3d 835, 842 (11th Cir. 2009) (noting that "the Excessive Bail Clause [of the Eighth Amendment] does not guarantee a right to bail"). Moreover, Plaintiff has not alleged that he was detained without probable cause or that his investigatory hold resulted in a prolonged detention without a probable cause determination, such that his Fourth Amendment rights were violated. See Gerstein v. Pugh, 420 U.S. 103, 114 (1975). Thus, in the absence of an allegation of a connection between the actions of Defendant Jockel and the deprivation of any constitutional right, Plaintiff fails to state a claim for relief against Defendant Jockel. Therefore, Defendant Jockel should be dismissed from this case.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE